KATE S. LEHRMAN [Bar No. 123050]
klehrman@lehrmanlawgroup.com
BENSON Y. DOUGLAS [Bar No. 206742]
bdouglas@lehrmanlawgroup.com
ANTHONY PAUL GRECO [Bar No. 296398]
tgreco@lehrmanlawgroup.com
LEHRMAN LAW GROUP
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA  90025
(310) 917-4500
(310) 917-5677 (FAX)

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. McGEE,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00513 MMA (WVGx)<br>[Filed:   February 08, 2019]<br>[Removed:  March 18, 2019]<br><br>Hon. Michael M. Anello<br>Courtroom 3D<br><br>**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTIONFOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Separate Statement of Material Facts, Declaration of Benson Douglas, and [Proposed] Order]*<br><br>Date:   March 2, 2020<br>Time:   2:30 p.m.<br>Ctrm:   3D |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 2, 2020, at 2:30 p.m. or soon thereafter as matter may be heard, in Courtroom 3D of the above-entitled Court, located at 221 West Broadway, San Diego, CA 92101, Defendant Mercedes-Benz USA, LLC, ("MBUSA" or "Defendant") will and hereby does move the Court for Summary Judgment against Plaintiff, William McGee ("Plaintiff") on Plaintiff's Complaint in the above-entitled matter.

The Motion will be made on the grounds that:

I.      Plaintiff's General Allegations for Violation of the Song-Beverly Act – Breach of Express Warranty are not actionable because the existence of a recall is not enough to establish a defect under the Song-Beverly Act, and furthermore, Plaintiff never presented the Vehicle for repair of the alleged passenger-side airbag nonconformity in this State during the express warranty period. Even if Plaintiff had presented the Vehicle for repair of the alleged passenger-side airbag nonconformity, MBUSA, through no fault of its own, could not, and cannot, perform the repair as the required parts, provided by an independent third-party, are unavailable;

II.     Plaintiff's General Allegations for Violation of the Song-Beverly Act - Breach of Implied Warranty of Merchantability are not actionable because the existence of a recall is not enough to establish a breach of the implied warranty of merchantability. Furthermore, Plaintiff's vehicle never manifested the recall-related defect.

III.    Plaintiff's General Allegations for Violation of the Song-Beverly Act - Breach of Implied Warranty of Fitness are not actionable because the existence of a recall is not enough to establish a breach of the implied warranty of fitness. Furthermore, Plaintiff's vehicle never manifested the recall-related defect and was always fit for its ordinary purpose of driving.

This Motion will be based upon this Notice of Motion, the Memorandum of

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Points and Authorities, the Declaration of Benson Douglas, the concurrently filed

Separate Statement of Undisputed Material Facts, the file and upon such other oral

and documentary evidence as may be presented at the time of the hearing on the

Motion.

This Motion is made following the attempted conference of counsel pursuant

to L.R. 7-3, as explained in more detail in the accompanying Declaration of

Benson Douglas.

DATED:  January 24, 2020          LEHRMAN LAW GROUP
                                  KATE S. LEHRMAN
                                  BENSON Y. DOUGLAS
                                  ANTHONY P. GRECO


                           By:   /s/ *Benson Y. Douglas*_____

                                 Benson Y. Douglas
                                 Attorneys for Defendant
                                 MERCEDES-BENZ USA, LLC

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.**

3

**INTRODUCTION**

4  This case arises from Plaintiff's December 29, 2015 purchase of a new 2015

5  Mercedes-Benz C350C ("Vehicle") for his wife, Arlene McGee ("Primary

6  Driver").  Separate Statement ("SS") ¶ 1.  In 2019, the Vehicle's passenger-side

7  airbag inflator was recalled as part of the ongoing industry- and nation-wide Takata

8  Recall.  (*Id.* ¶ 3.)  Due to the sheer scope of the recall, NHTSA developed and

9  ordered all manufacturers and distributors of vehicles equipped with recalled

10 airbag inflators to adhere to a schedule developed "based on [NHTSA's] risk-

11 assessment that takes into account the primary factors related to Takata inflator

12 rupture."[1]  Unfortunately, "unlike other parts used in manufacturing, redesign of an

13 airbag module is a time-intensive effort given the time needed for sourcing, design,

14 testing, certifying and manufacturing requirements."  (*Id.* ¶¶ 4-5.)  As such, due to

15 conditions outside of Defendant Mercedes-Benz USA, LLC's ("MBUSA's")

16 control, parts were not immediately available to perform the recall.  As soon as

17 they are, Plaintiff will be notified and will receive a replacement inflator at no

18 charge.  (*Id.*)  Until then, there is was nothing for Plaintiff do to do.

19     Nonetheless, and despite being told that parts are not immediately available

20 to perform the recall, Plaintiff filed this lawsuit because MBUSA refused to jump

21 Plaintiff to the top of the queue.  Thus, at the heart of this case is a single issue:

22 whether the mere existence of the Takata Recall that cannot immediately be

23 performed gives rise to a breach of the Song-Beverly Consumer Warranty Act.  For

24 the foregoing reasons, the answer to this question is an unequivocal "no."

25

26

----

27 [1] See Third Amendment to the Coordinated Remedy Order, 81 Fed. Reg. 95267, ¶

28 33 (Dec. 27, 2016) (detailing 12 priority groups based on age of airbag inflator, geographic location, and location of the inflator within the vehicle)

There is no evidence that the Takata Recall has materially interfered with Plaintiff's use of the Vehicle, or rendered it inoperable in any way.  (*Id.* ¶¶ 6–8.) In fact, to date, MBUSA is not aware of *any* Mercedes-Benz vehicle worldwide (Plaintiff's or otherwise) that has experienced an inflator failure as detailed in the Takata Recall.  Critically, the Vehicle has been driven at least 40,000 miles, without any incident relating to the passenger-side airbag inflator, since it was purchased.  (*Id.* ¶ 7.)  Moreover, despite alleging that the alleged Takata defect rendered the Vehicle unfit for its ordinary purpose, Plaintiff has admitted that the he continues to use the Vehicle regularly to transport passengers, including in the front passenger seat, since the Vehicle was recalled in February 2019.  (*Id.* ¶¶ 6–8.)

In short, Plaintiff has no evidence that the alleged Takata defect exists in the Vehicle or has rendered it unfit for the ordinary purpose of providing transportation, or that MBUSA has failed to perform the recall within a reasonable period of time as the recall remedy from Takata is still unavailable and Plaintiff was told as much.  Accordingly, the Court should grant MBUSA's Motion for Summary Judgment because Plaintiff has no evidence supporting his claim that the subject vehicle did not conform to any applicable warranty.

## A.    **The Takata Recall**

The Takata Recall covers tens of millions of vehicles from numerous manufacturers equipped with certain Takata airbag inflators.  (*See* Coordinated Remedy Order With Annex A, 80 Fed. Reg. 70866, 2015 WL 7076256, at Annex A (Nov. 3, 2015) (listing manufacturers).)  The first Takata related-recalls involving Mercedes-Benz passenger vehicles were instituted in February 2016. (*See* NHTSA Recall No. 16v-081.)  The Vehicle here is subject to another Takata related-recall involving Mercedes-Benz passenger vehicles instituted in February 2019.  (*See* NHTSA Recall No. 19v010; *see also* SS ¶ 3 (Declaration of Benson Douglas ("Douglas Decl.") Ex. D).)  The law requires that vehicle owners receive

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION**
**FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

notice of the recall and information related to replacing the airbags at no charge. *See* 49 C.F.R. § 573.6(c)(8); *Id*. at § 573.13.  NHTSA reviewed and approved the relevant notices, including the ones Plaintiff received.  *See* 49 C.F.R. § 579.5(b) (requiring communications with consumers regarding recall campaigns be submitted to NHTSA.  The approved notices, like the one Plaintiff received, explained that airbags will be replaced free of charge when parts become available, and in compliance with the schedule set by NHTSA.  (*See* SS ¶ 4 (Douglas Decl. Ex. E).)

NHTSA's Coordinated Remedy Orders expressly require all manufacturers and distributors of vehicles equipped with recalled airbag inflators to adhere to the schedule developed "based on [NHTSA's] risk-assessment that takes into account the primary factors related to Takata inflator rupture."  (*See* Third Amendment to the Coordinated Remedy Order, 81 Fed. Reg. 95267, ¶ 33 (Dec. 9, 2016) (detailing 12 priority groups based on age of airbag inflator, geographic location, and location of the inflator within the vehicle).)  Compliance with the coordinated recall schedule ordered by NHTSA is mandatory: "each . . . Manufacturer shall, pursuant to 49 U.S.C. 30120(a)(1) and (c), carry out its remedy program in accordance" with its priority groups.  (Coordinated Remedy Order with Annex A, 80 Fed. Reg. 70866, 2015 WL 7076256, at ¶ 38 (Nov. 3, 2015).)  NHTSA has not ordered MBUSA to provide other remedies.

**B.    Plaintiff's Takata Recall**

Plaintiff's Vehicle specifically was recalled in 2019 because it was determined that it is equipped with a passenger-side airbag inflator implicated in the Takata Recall.  (SS ¶¶ 3-4 Douglas Decl., Exs. D-E.)  It is one of over 1.1 million Mercedes-Benz vehicles nationwide covered by the Takata Recall, and one of the tens of millions of vehicles recalled in the United States.  As to Mercedes-Benz vehicles:

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

According to Takata, "… The propellant wafers in *some* of the subject inflators *may* degrade over time, which could lead to over-aggressive combustion in the event the air bag is activated. Overly aggressive combustion creates excessive internal pressure when the inflator is activated, which *may* cause the inflator body to rupture. Based upon Takata's and TK Global's investigation to date, the potential for such ruptures occurs in *some* of the subject inflators after several years of exposure to persistent conditions of high absolute humidity, high temperatures, and high temperature cycling. The potential for rupture *may* also be influenced by other factors, including the specific vehicle environment, the inflator and propellant configuration, and manufacturing variability."

(*Id*. ¶ 3 Douglas Decl., Ex. D at 9 (emphasis added).)  Nonetheless, out of an "abundance of caution," Takata proposed a broader remedy program that would effectively recall airbags that may never even manifest the defect.  (*Id.)* This approach is consistent with the widely accepted notion that a recall, in and of itself, is not proof of the existence of a defect in a product.  At the time the relevant recall was issued, and to date, MBUSA is "not aware of any field incidents with the subject Takata PSPI-2 inflators"—i.e., the passenger-side airbag inflator installed in Plaintiff's vehicle.  (*Id*.)

In compliance with federal regulations, on or about February, 2019, Plaintiff received a notice advising that "a defect which relates to motor vehicle safety exists in *certain* Model Year 2010-2017 Mercedes-Benz vehicles . . . ."  (*See Id*. ¶ 4 Douglas Decl., Ex. D (emphasis added).)  In response, despite being told that parts were not available to perform the recall, and despite the fact that NHTSA sets the order of the Takata recalls, Plaintiff's wife demanded that the recall be immediately performed.  (Douglas Decl., Ex. C at 42:12-43:6.)  A month later, Plaintiff filed this lawsuit.  (Compl. at ¶¶ 10, 12.)  Some months later, Plaintiff's

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1   wife again asked when the recall could be performed.  (Douglas Decl., Ex. C at

2   46:10-44:16.)  Plaintiff claims he was informed that parts for the Vehicle might be

3   available in May of 2020.  (Douglas Decl., Ex. B at 50: 1- 51: 5.)  Meanwhile,

4   Plaintiff and his family continued to use the Vehicle without relevant, material

5   interruption.  (SS ¶¶ 6–8.)

6                                    **II.**

7                          **LEGAL STANDARD**

8   **A.    Summary Judgment Standard**

9        "A party may move for summary judgment in an action or proceeding if it is

10  contended that the action has no merit or that there is no defense to the action or

11  proceeding." Cal. Civ. Proc. Code § 437c(c); *see also, e.g., Travelers Cas. & Sur.*

12  *Co. v. Am. Equity Ins. Co.,* 93 Cal.App.4th 1142, 1148 (2001). The materiality of a

13  disputed fact is set by the pleadings, which define the boundaries for the legal and

14  factual issues to be resolved by summary judgment. *Conroy v. Regents of the*

15  *University of California,* 45 Cal.4th 1244, 1250 (2009).  Thus, a moving Defendant

16  must only refute the allegations in the Complaint, and the Plaintiff cannot raise

17  issues or allegations not pleaded in its Complaint to oppose a summary judgment

18  Motion. *Falcon v. Long Beach Genetics,* 224 Cal.App.4th 1263, 1275 (2014). To

19  obtain summary judgment, a Defendant may also prevail simply by showing that

20  the Plaintiff cannot establish at least one element of each challenged cause of

21  action. *See Aguilar v. Atlantic Richfield Co.,* (2001) 25 Cal.4th 826, 853-54 (2001);

22  *see also Eisenberg v. Alameda Newspapers, Inc.,* 74 Cal.App.4th 1359, 1375 (1999)

23  ("*Eisenberg*").  A moving party may make this showing by relying on appropriate

24  matters of judicial notice, the pleadings, declarations, judicial admissions,

25  discovery responses, and testimony. *See Eisenberg*, 74 Cal.App.4th at 1375.

26       Once a Defendant makes the requisite showing, the burden shifts to the

27  Plaintiff to identify evidence that presents a triable issue of material fact.  *See*

28  *Leslie G. v. Perry & Assocs.,* 43 Cal.App.4th 472, 482 (1996).  If the Plaintiff is

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION**
**FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

unable to meet his burden of proof regarding an essential element of his case, all other facts are rendered immaterial. *Id*. "The plaintiff may not rely on his or her pleadings alone, but must file [an] opposition to the motion, with affidavits setting forth specific facts demonstrating that a triable issue of material fact exists as to the cause of action[.]" *Eisenberg,* (2003) 74 Cal.App.4[th] at 1375; *see also Wiz Tech., Inc. v. Coopers & Lybrand LLP,* 106 Cal.App.4[th] 1, 10 (2003) (holding that mere allegations unsupported by evidence cannot survive).

**B.   Song-Beverly Act Standard**

To prevail under the Song-Beverly Act, Plaintiff must prove: (1) he purchased a vehicle from MBUSA, (2) the vehicle was accompanied with implied and express warranties of fitness and merchantability, (3) the vehicle had a defect that substantially impaired the use, value, or safety of the vehicle, (4) that he delivered the vehicle to MBUSA or its authorized facility for repair of the alleged defect, (5) that MBUSA or its authorized repair facility failed to repair the vehicle after a reasonable number of attempts, and (6) that MBUSA did not promptly replace or buyback the vehicle.  Cal. Civ. Code § 1793.2.

## III.

## THE MERE EXISTENCE OF A RECALL IS NOT ENOUGH TO ESTABLISH A DEFECT UNDER THE SONG-BEVERLY ACT AND PLAINTIFF HAS NO EVIDENCE HIS VEHICLE IS OR WAS ACTUALLY DEFECTIVE

Plaintiff's Song-Beverly Act claim hinges entirely on the notion that a defect existed in the Vehicle simply because it is subject to a recall.  However, the mere existence of a recall does not establish that a nonconformity or defect actually exists in Plaintiff's vehicle or gives rise to an express or implied warranty claim under the Song-Beverly Act.  *See Adams v. FCA US LLC,* No. CV 16-4317-JFW (MRWx), 2016 U.S. Dist. LEXIS 188899, at *15–16 (C.D. Cal. Dec. 27, 2016)

1  ("*Adams*") ; *In re Toyota Motor Corp. Hybrid Brake Mktg.,*  915 F.Supp.2d 1151,

2  1157 (C.D. Cal. 2013) ("*In re Toyota Motor Corp. Hybrid Brake Mktg"*).

3       In *Adams*, the Plaintiff brought a Song-Beverly Act claim alleging her

4  vehicle was defective because she had to bring it to an authorized Jeep repair

5  facility on four occasions to have four separate recall repairs performed.  2016 U.S.

6  Dist. LEXIS 188899, at *2–5.  The Court granted the manufacturer's Motion for

7  summary judgment as to the Plaintiff's claim because, like here, her vehicle never

8  manifested any of the recall-related defects:

9
> Plaintiff has presented no evidence that she experienced
10 > any problems with her Jeep.  To the contrary, Plaintiff
> testified in her deposition that she brought her vehicle
11 > into the Santa Maria Dealership solely for work related to
> the recall notices she received from Defendant and that
12 > she did not experience, and, therefore, never complained
> about any defects whatsoever in her Jeep. As a result of
13 > the recall work performed, Plaintiff never experienced
> any of the problems associated with the recalls.

14  *Id*. at *15.  Thus, the mere existence of a recall without more was not enough to

15  create a triable issue of fact under the Song-Beverly Act.  *See also Id.* at *15–16

16  ("[B]ecause Plaintiff experienced *no* defects in her Jeep, only potential defects that

17  were the subject of the recall notices (and repaired before any defect manifested),

18  Plaintiff cannot satisfy the nonconformity element.").

19       Likewise, in *In re Toyota Motor Corp. Hybrid Brake Mktg.*, the Plaintiff

20  argued "that he suffered an actual injury because he would not have paid the same

21  purchase price for his vehicle had he known of the problem with the ABS prior to

22  Toyota's national recall."  915 F.Supp.2d at 1157.  In granting summary judgment

23  on Plaintiff's warranty claims, the Court held "[a]fter the updated software was

24  installed in his vehicle, Mr. Choi had no problem with the braking performance of

25  his vehicle.  He had no accident.  He was able to apply the brakes and stop his

26  vehicle without incident."  *Id*. at 1159.  Thus, the Court explicitly rejected any

27  damages theory that relied on the mere existence of a recall.  *Id*. at 1158–59

28

(holding that the mere existence of a recall "does not *ipso facto* mean that the [product] has a manifest defect") (quoting *O'Neil v. Simplicity, Inc.,* 553 F.Supp.2d 1110, 1116 (D. Minn. 2008)).

Courts across the country have held the same—*i.e.*, that the mere existence of a recall does not prove the existence of a defect in a particular vehicle, only the possibility of one.  *See, e.g.*, *Calhoun v. Honda Motor Co.,* 738 F.2d 126, 133–34 (6th Cir. 1984) ("Calhoun never submitted evidence independent of the recall letter or campaign which would have established the existence of a defect.  Moreover, as stated in the recall letter, the problems created by the defect in the pads were dependent upon brake application under certain conditions.  Plaintiff's failure to establish that these conditions were present rendered the question of defect irrelevant"); *Bagel v. American Honda Motor Co.,* 132 Ill.App.3d 82, 88 (1985), 477 N.E.2d 54, 87 Ill. Dec. 453 ("A manufacturer's recall does not admit a defect in a particular product, but refers to the possibility of a defect in a certain class of products."); *Bailey v. Monaco Coach Corp.,* 350 F.Supp.2d 1036, 1045 (N.D. Ga. 2004)  ("[T]his recall notice alone is irrelevant without independent proof that Bailey's brakes suffer from the same defect. . . .  Bailey has not presented any evidence that his brakes suffer from the overheating defect. . . . Thus, the recall notice is insufficient to create a triable issue regarding the existence of a defect."); *Vockie v. General Motors Corp.,* 66 F.R.D. 57, 61(E.D. Pa. 1975)  ("[T]here is another perhaps more important reason for excluding such evidence [of a recall].  Such evidence has minimal probative value to the existence of a defect in a particular vehicle."); *Landry v. Adam,* 282 So.2d 590, 596–97 (1973) ("[T]he safety campaign letter was not admissible to establish whether or not a defect existed in the brake hose on Hilton's Pontiac at the time of the accident."); *Fields v. Volkswagen of Am., Inc.,* 1976 OK 106, 555 P.2d 48 at *P35 (Okla. 1976)  ("The recall letter by itself does not make a prima facie case or shift the burden of proof.

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

It does not prove that the defect existed at the time of the accident. This must be proved independently."); *Harley-Davidson Co. v. Daniel,* 244 Ga. 284, 286–87, 260 S.E.2d 20 (Ga. 1979) ("The recall letter alone is insufficient to create a jury issue of the presence of such a defect in the product."); *Long v. TRW Vehicle Safety Sys.,* 2011 U.S. Dist. LEXIS 119111(D. Ariz. Oct. 14, 2011); *Hughes v. Stryker Corp.,* 423 Fed.Appx. 878 (11th Cir. Ala. 2011) ("[T]he recall letter . . ., which states only that 'in some cases' the level of manufacturing residuals exceeded the company's 'self-imposed conservative acceptance criteria,' did not amount to an admission by the defendants that the Trident acetabular cup was defective").

Consistent with these authorities, Plaintiff cannot prove a defect or prevail on the Song-Beverly claims simply by relying on the fact that the Vehicle was subject to a recall.  This is supported by the language of the NHTSA-approved recall notices themselves, which merely state the *potential* for a defect existed only in "*certain* Model Year 2010-2017 C-Class, E-Class Coupe/ Cabrio, GLK-Class, and SLS- Class Mercedes-Benz vehicles."  (SS ¶ 3 (Douglas Decl., Ex. D)) (emphases added).  NHTSA reconfirmed this when it elected to prioritize the recall such that certain older vehicles in more humid geographic zones were to receive replacement parts before other vehicles also subject to the recall.  (*See* Third Amendment to the Coordinated Remedy Order, 81 Fed. Reg. 95267 (Dec. 9, 2016).)

In addition, Plaintiff has not produced—and cannot produce—*any* evidence that the airbag in the Vehicle is *actually* defective; therefore, summary judgment must be entered in favor of MBUSA.  Again, it is undisputed that Plaintiff's Vehicle has not experienced a manifestation of the alleged Takata defect despite having been driven for tens of thousands of miles over several years.  (SS ¶¶ 6-7.) Further, the Vehicle has not presented any other problems that have substantially impaired the Vehicle's use, value, or safety.  (SS ¶¶ 6–8.)  In short, the alleged

Takata airbag defect has never manifested in Plaintiff's vehicle, nor in any other Mercedes-Benz vehicle, worldwide.

Accordingly, Plaintiff's claim fails because the existence of a recall for a vehicle component is not evidence of a defect under the Song-Beverly Act, and Plaintiff has provided no other evidence that a defect actually exists in the Vehicle.

## IV.

## PLAINTIFF'S SONG-BEVERLY IMPLIED WARRANTY CLAIM FAILS BECAUSE THE VEHICLE EXPERIENCED NO DEFECT-RELATED SYMPTOMS WITHIN THE IMPLIED WARRANTY PERIOD AND IS FIT FOR ITS ORDINARY PURPOSE OF DRIVING

### A.   Plaintiff's Vehicle Was Recalled Outside the Implied Warranty's Duration

Plaintiff's Song-Beverly claim also fails because it is undisputed that the Vehicle never manifested any recall-related defects or symptoms within the Song-Beverly Act's implied warranty period.  (SS ¶¶ 6-7.)  The duration of the implied warranty of merchantability was one year, under California Civil Code section 1791.1, subdivision (c).  Section 1791.1, subdivision (c) provides in pertinent part as follows:  "The duration of the implied warranty of merchantability … shall be coextensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable*; but in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer*." (emphasis added)

Plaintiff purchased the Vehicle in 2015 (Compl. ¶ 4; SS ¶ 1) and did not bring this lawsuit until 2019.  (*See generally* Compl.,filed on February 8, 2019). Moreover, despite owning the Vehicle for nearly four years, Plaintiff has never experienced any malfunction relating to the Takata Recall upon which the Song-

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Beverly Act claim is based.  (SS ¶¶ 6-7.)  Although he need not allege discovery of the defect within the one-year period, "there should at least be allegations that *symptoms of the defect manifested* during the warranty period."  *Peterson v. Mazda Motor of Am., Inc.*, 44 F.Supp.3d 965, 972 (2014) ("*Peterson*")(emphasis added).  Plaintiff here has not alleged or produced any evidence to substantiate a claim that the Vehicle experienced any "symptoms" associated with the Takata Recall.  Rather, he simply claims that because the Vehicle became subject to the Takata Recall four years after purchasing it, the Vehicle must be defective.  The law, however, requires more.  *Grodzitsky v. Am. Honda Motor Co., Inc.,* No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 82746, at *36 (C.D. Cal. June 12, 2013) (dismissing Song-Beverly implied warranty claim "[b]ecause the windows at issue in this case did not begin to fail until well more than a year after they were purchased."); *Valencia v. Volkswagen Grp. of Am. Inc.,* 119 F.Supp.3d 1130, 1140 (N.D. Cal. 2015) (dismissing Song-Beverly Act claim because "[w]hile Plaintiffs have alleged that the braking defect caused the brakes of their Routan minivans to rapidly wear and eventually require replacement, there is no allegation that the brakes did not function when purchased.  In fact, Plaintiffs allege that it took thousands of miles of normal use for the brakes to show signs of the braking defect."). To hold otherwise "would render the duration of provision of the Song-Beverly Act meaningless because '[e]very defect that arises could conceivably be tied to an imperfection existing during the implied warranty period.'"  *Peterson*, 44 F.Supp.3d at 971–72.

### B.   There Was No Substantial Impairment Of The Vehicle's Use, Value, or Safety

Plaintiff's implied warranty claim under the Song-Beverly Act also fails because he has no evidence that the alleged Takata defect has made the Vehicle unfit for the ordinary purpose of providing transportation.  (SS ¶¶ 6-8.)  Indeed, the

1   undisputed facts show precisely the opposite to be true that the, Vehicle has been

2   driven tens of thousands of miles over several years without incident—and it

3   continues to be driven knowing the Takata recall cannot be performed yet. (*Id*. at

4   ¶¶ 6-8 and 5.)

5   When Plaintiff bought the Vehicle, it had approximately 54 miles on it.  (*Id.*

6   ¶ 2.)  Plaintiff drove the Vehicle for over 3 years and 37,000 thousands of miles

7   before it was recalled in 2019.  Then, after Plaintiff was notified that the Vehicle

8   was subject to the Takata Recall, Plaintiff and his family continued to drive the

9   Vehicle, including with passengers in the front seat.  (*Id.* ¶¶ 7-8.)  Indeed, as of

10  September 4, 2019, the Vehicle had approximately 40,000 miles on it and Plaintiff

11  and his wife admitted it was still being used for ordinary transportation purposes.

12  (SS ¶¶ 5, 7-8.)

13  It is axiomatic that "[t]he implied warranty of merchantability requires only

14  that a vehicle be reasonably suited for ordinary use.  It need not be perfect in every

15  detail so long as it provides for a minimum level of quality.  The basic inquiry,

16  therefore, is whether the vehicle was fit for driving."  *Lee v. Toyota Motor Sales,*

17  *U.S.A., Inc.,* 992 F.Supp.2d 962, 980 (N.D. Cal. 2014) ("*Lee*") (citations and

18  quotations omitted). Here, it is undisputed that the recalled airbag in Plaintiff's

19  Vehicle has never malfunctioned (SS ¶¶ 6-7) and the Vehicle has been driven for

20  years and tens of thousands of miles without incident.  (*Id*. ¶¶ 7-8.)

21  Finally, as explained above, the fact that the Vehicle was subject to a recall

22  is not, in and of itself, enough to support the notion that it was not fit to be driven.

23  If that were the law, it would effectively render every vehicle subject to a recall

24  unfit for driving regardless of the manifestation of an actual defect, and the law

25  resolutely rejects such a conclusion.  *See Lee*, 992 F.Supp.2d at 980 (dismissing

26  with prejudice implied warranty claims where plaintiffs' vehicles were not

27  undriveable); *see also*, *e.g.*, *Hines v. Mercedes-Benz USA, LLC,* 358 F.Supp.2d

28

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1222, 1232–33 (N.D. Ga. 2005)  (granting summary judgment because "there [was] no evidence to show that the vehicle's drivability or usefulness was ever affected by the alleged defect.  Plaintiff d[id] not allege that the vehicle was ever rendered inoperable, or that its capacity to operate as a means of transportation was ever disabled by defects alleged.")

Accordingly, Plaintiff's implied warranty claim also fails because there is no evidence that any defect manifested, let alone rendered the vehicle unfit for transportation, within one-year implied warranty period for new cars.  Cal. Civ. Code § 1791.1(c).

# V.

## PLAINTIFF'S SONG-BEVERLY ACT CLAIM ALSO FAILS BECAUSE THERE IS NO EVIDENCE THAT MBUSA FAILED TO REPAIR THE VEHICLE WITHIN A REASONABLE PERIOD OF TIME

Plaintiff's Song-Beverly claim also fails to the extent it is predicated on the claim that MBUSA has not repaired the Vehicle within a reasonable amount of time.  Under the Song-Beverly Act, goods shall be serviced or repaired within a reasonable time—typically "within 30 days"—by the manufacturer or its representatives.  Cal. Civ. Code §1793.2(b).  However, "[d]elay caused by conditions beyond the control of the manufacturer or its representatives shall serve to extend this 30-day requirement.  Where delay arises, conforming goods shall be tendered as soon as possible following termination of the condition giving rise to the delay."  *Id*.

Here, any attempt by Plaintiff to challenge the timeliness of the performance of the Takata Recall is unavailing because the recall parts are still unavailable, as a result of conditions well beyond MBUSA's control.  The Important Safety Recall Interim Notice states:

1
2
3
4
5
6

> Unfortunately, replacement parts are not yet available for your vehicle, but we will contact you again once parts become available. You may visit www.mbusa.com/recall and enter your vehicle model, Model Year, and State your vehicle is registered to check when remedy parts will be available.
>
> As soon as a suitable replacement part is available for your vehicle, we will send another letter notifying you to bring your vehicle in to your local Authorized Mercedes-Benz dealer to have this work done free of charge.

7   (SS ¶ 4 (Douglas Decl., Ex. E).)

8       Plaintiff has made clearly unreasonable allegations that MBUSA "has not

9   and/or refused to conform the Subject Vehicle to the applicable express and

10   implied warranties under the Act after a reasonable number of attempts," despite

11   knowing replacement parts are currently unavailable and without regard to

12   NHTSA's coordinated recall schedule that MBUSA was mandated to follow.

13   (Compl. at ¶ 12, and SS ¶ 5.)  These allegations are irrelevant and nothing more

14   than a blatant attempt to manufacture a lawsuit where one did not otherwise exist.

15       As the Court held in *Silvio v. Ford Motor Co*., 109 Cal.App.4[th] 1205, 1207–

16   09 (2003), the Song-Beverly Act requires a "reasonable number of attempts" at

17   repair of a specific defect before any liability can arise under the statute.  *See Id.*

18   (holding that "'[o]ne is singular, and 'attempts' is plural").  Because Plaintiff is

19   aware that replacement parts to perform the Takata Recall on the Vehicle are still

20   unavailable, he cannot show that MBUSA has failed to repair his vehicle within a

21   reasonable amount of time because it is impossible for MBUSA to even attempt a

22   repair without the required parts.  (SS ¶ 5.) California law never requires

23   impossibilities.  Cal. Civ. Code § 3531.  Accordingly, any claim that MBUSA

24   refused to repair Plaintiff's vehicle within a reasonable time is without merit and

25   MBUSA is entitled to summary judgment on his Song-Beverly Act claim.

26

27

28

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

# VI.

## PLAINTIFF'S EXPRESS WARRANTY CLAIM FAILS BECAUSE THE CLAIM IS UNSUPPORTED BY ANY EVIDENCE AND PLAINTIFF CANNOT PRESENT THE VEHICLE FOR REPAIR YET

Plaintiff's Complaint also alleges MBUSA "issued an 'express warranty'" to Plaintiff, (*See* Compl. ¶ 8), yet he has never articulated what the terms of that express warranty were or how they were breached.  Accordingly, his Song-Beverly Act claim, to the extent it is premised on breach of an express warranty, also fails because there is no evidence regarding any breach of any express warranty and Plaintiff has not identified the terms that were allegedly breached.  *Lengen v. Gen. Mills, Inc.,* 185 F.Supp.3d 1213, 1222 (E.D. Cal. 2016)  ; *In re Sony PS3 Other OS Litig.,* 551 F.App'x 916, 919 (9th Cir. 2014)   (mem. op.) (affirming dismissal of express warranty claims for failure to state the exact terms of the warranty) (citing *Williams v. Beechnut Nutrition Corp.,* 185 Cal.App.3d 135, 142 (1986).)

In addition, Plaintiff has no evidence to support a claim for breach of express warranty because the required parts to perform the Takata Recall remedy are still unavailable for the Vehicle.  (SS ¶¶ 5.)  As noted above, Plaintiff's failure to present the Vehicle for repair, because the required parts to perform the Takata Recall remedy are still unavailable, is fatal to any breach of warranty claim.  Cal. Civ. Code § 1793.2(c); *see also McCarthy v. Toyota Motor Corp.*, 2019 U.S. Dist. LEXIS 129207, at *16 (C.D. Cal. 2019); *In re MyFord Touch Consumer Litig*., 46 F.Supp.3d at 970 (N.D. Cal. 2014).  Accordingly, his Song-Beverly Act claim, to the extent it is premised on breach of an express warranty, fails because there is no evidence regarding any breach of any express warranty.

///

///

///

## VII.

## <u>CONCLUSION</u>

For the foregoing reasons, as well as for such other and further reasons as may be adduced in a Reply Memorandum and upon the hearing of this Motion, MBUSA respectfully prays that the Court enter summary judgment in its favor.

DATED: January 24, 2020      LEHRMAN LAW GROUP
                                       KATE S. LEHRMAN
                                       BENSON Y. DOUGLAS
                                       ANTHONY P. GRECO

By:    <u>/s/ *Benson Y. Douglas*</u>
                Benson Y. Douglas
                Attorneys for Defendant
                MERCEDES-BENZ USA, LLC

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

# PROOF OF SERVICE

2

3
STATE OF CALIFORNIA )
) ss.
4
COUNTY OF LOS ANGELES )

5

6
     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 12121 Wilshire Blvd., Suite 1300, Los Angeles, CA 90025.

7

8
     On January 24, 2020, I served, in the manner indicated below, the foregoing document described as **DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Los Angeles, California addressed as follows:

9

10

11
[]     **BY MAIL**: I caused to be delivered by US mail by placing a true copy thereof enclosed in sealed envelopes. I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

12

13

14
[]     **BY GSO OVERNIGHT:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees.

15

16
[X]     **CM/ECF**: I caused such document to be delivered to the e-mail address indicated on the attached SERVICE LIST using the CM/ECF system, which sends notice of electronic filing (NEF) to all counsel of record in this action.

17

18
[]     I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

19

20
[X]     I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

21

22
     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24
     Executed November 4, 2019, at Los Angeles, California.

25

26

27
     /s/ *Sonja Robertson*
     Sonja Robertson

28

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

**PROOF OF SERVICE LIST**

2

**MERCEDES-BENZ USA, LLC/MCGEE, WILLIAM**

3

**(M127-436)(365.436)**

**Case No. 3:19-cv-00513 MMA (WVGx)**

4

**Page 1**

5

6   Deanna M. Wallace, Esq.                          Attorneys for Plaintiff

7   Kevin A. Alexander II, Esq.                      WILLIAM R. MCGEE
    LAW OFFICES OF WILLIAM R. MCGEE, APLC

8   701 Palomar Airport Road, Suite 250

9   Carlsbad, CA  92011
    (760) 438-1047

10  (760) 438-1056 (FAX)

11  DeannaLemonLaw@gmail.com
    Kevin.LemonLaw@gmail.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION**
**FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## **TABLE OF CONTENTS**

2

**PAGE**

3

4  I.    INTRODUCTION ................................................................... 1
       A.    The Takata Recall .......................................... 2
5      B.    Plaintiff's Takata Recall.................................. 3

6

7  II.   LEGAL STANDARD ............................................................ 5
       A.    Summary Judgment Standard ............................. 5
8      B.    Song Beverly Act Standard................................ 6

9

10 III.  THE MERE EXISTENCE OF A RECALL IS NOT ENOUGH TO
       ESTABLISH A DEFECT UNDER THE SONG-BEVERLY ACT AND
11     PLAINTIFF HAS OT EVIDENCE HIS VEHICLE IS OR WAS
       ACTUALLY DEFECTIVE ...................................................... 6
12

13 IV.   PLAINTIFF'S SONG-BEVERLY IMPLIED WARRANTY CLAIM FAILS
       BECAUSE THE VEHICLE EXPERIENCED NO DEFECT-RELATED
14     SYMPTOMS WITHIN THE IMPLIED WARRANTY PERIOD AND IS
       FIT FOR ITS ORDINARY PURPOSE OF DRIVING ............................... 10
15

16
       A.    Plaintiff's Vehicle Was Recalled Outside the Implied Warranty's
17           Duration .............................................................. 10
       B.    There Was No Substantial Impairment Of The Vehicle's
18           Use........................................................................ 12
19

20 V.    PLAINTIFF'S SONG-BEVERLY ACT CLAIM ALSO FAILS BECAUSE
       THERE IS NO EVIDENCE THAT MBUSA FAILED TO REPAIR THE
21     VEHICLE WITHIN A RESONABLE PERIOD OF TIME ........................ 13
22

23 VI.   PLAINTIFF'S EXPRESS WARRANTY CLAIM FAILS BECAUSE THE
       CLAIM IS UNSUPPORTED BY ANY EVIDENCE AND PLAINTIFF
24     CANNOT PRESENT THE VEHICLE FOR REPAIR YET ........................ 15
25

26 VII.  CONCLUSION ................................................................. 16

27

28

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

## TABLE OF AUTHORITIES

2

**Cases** **Page(s)**

3

4

*Adams v. FCA US LLC,*

5

    No. CV 16-4317-JFW (MRWx), 2016 U.S. Dist. LEXIS 188899, at *15–16
(C.D. Cal. Dec. 27, 2016) ................................................................. 6, 7

6

*Aguilar v. Atlantic Richfield Co.,*

7

    (2001) 25 Cal.4th 826, 853-54 (2001) ............................................. 5

8

*Bagel v. American Honda Motor Co.,*

9

    132 Ill.App.3d 82, 88 (1985), 477 N.E.2d 54, 87 Ill. Dec. 453 ..................... 8

10

*Bailey v. Monaco Coach Corp.,*

11

    350 F.Supp.2d 1036, 1045 (N.D. Ga. 2004) ................................. 8

12

*Calhoun v. Honda Motor Co.,*

13

    738 F.2d 126, 133–34 (6th Cir. 1984)........................................... 8

14

*Conroy v. Regents of the University of California,*

15

    45 Cal.4th 1244, 1250 (2009)......................................................... 5

16

*Eisenberg v. Alameda Newspapers, Inc.,*

17

    74 Cal.App.4th 1359, 1375 (1999)............................................. 5, 6

18

*Falcon v. Long Beach Genetics,*

19

    224 Cal.App.4th 1263, 1275 (2014)............................................ 5

20

*Fields v. Volkswagen of Am., Inc.,*

21

    1976 OK 106, 555 P.2d 48 at *P35 (Okla. 1976) ....................... 8, 9

22

*Grodzitsky v. Am. Honda Motor Co., Inc.,*

23

    No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 82746, at *36 (C.D.

24

    Cal. June 12, 2013) ...................................................................... 11

25

*Harley-Davidson Co. v. Daniel,*

26

    244 Ga. 284, 286–87, 260 S.E.2d 20 (Ga. 1979)......................... 9

27

*Hines v. Mercedes-Benz USA, LLC,*

28

    358 F.Supp.2d 1222, 1232–33 (N.D. Ga. 2005) ......................... 13

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

*Hughes v. Stryker Corp.,*

    423 Fed.Appx. 878 (11th Cir. Ala. 2011) ........................................ 9

*In re MyFord Touch Consumer Litig.,*

    46 F.Supp.3d at 970 (N.D. Cal. 2014) ........................................ 15

*In re Sony PS3 Other OS Litig.,*

    551 F.App'x 916, 919 (9th Cir. 2014) ........................................ 15

*In re Toyota Motor Corp. Hybrid Brake Mktg.,*

    915 F.Supp.2d 1151, 1157 (C.D. Cal. 2013) ............................... 7, 8

*Landry v. Adam,*

    282 So.2d 590, 596–97 (1973) ................................................... 8

*Lee v. Toyota Motor Sales, U.S.A., Inc.,*

    992 F.Supp.2d 962, 980 (N.D. Cal. 2014) ............................... 12,13

*Lengen v. Gen. Mills, Inc.,*

    185 F.Supp.3d 1213, 1222 (E.D. Cal. 2016)............................... 15

*Leslie G. v. Perry & Assocs.,*

    43 Cal.App.4th 472, 482 (1996)........................................... 6

*Long v. TRW Vehicle Safety Sys.,*

    2011 U.S. Dist. LEXIS 119111(D. Ariz. Oct. 14, 2011) ............... 9

*McCarthy v. Toyota Motor Corp.,*

    2019 U.S. Dist. LEXIS 129207, at *16 (C.D. Cal. 2019)............ 15

*O'Neil v. Simplicity, Inc.,*

    553 F.Supp.2d 1110, 1116 (D. Minn. 2018) ………………………………..8

*Peterson v. Mazda Motor of Am., Inc.,*

    44 F.Supp.3d 965, 972 (2014)....................................... 11

*Silvio v. Ford Motor Co.,*

    109 Cal.App.4th 1205, 1207–09 (2003) ................................. 14

*Travelers Cas. & Sur. Co. v. Am. Equity Ins. Co.,*

    93 Cal.App.4th 1142, 1148 (2001)........................................5

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

*Valencia v. Volkswagen Grp. of Am. Inc.,*

    119 F.Supp.3d 1130, 1140 (N.D. Cal. 2015) ................................................. 11

*Vockie v. General Motors Corp.,*

    66 F.R.D. 57, 61 (E.D. Pa. 1975). ...................................................................... 8

*Williams v. Beechnut Nutrition Corp.,*

    185 Cal.App.3d 135, 142 (1986)....................................................................... 15

*Wiz Tech., Inc. v. Coopers & Lybrand LLP,*

    106 Cal.App.4th 1, 10 (2003) ............................................................................ 6

## <u>Statutes</u>                                                              <u>Page(s)</u>

49 C.F.R. § 573.6 ................................................................................................. 3

49 C.F.R. § 579.5 ................................................................................................. 3

49 U.S.C. § 30120 ............................................................................................... 3

Cal. Civ. Code § 3531 ....................................................................................... 14

Cal. Civ. Code § 1791.1 ............................................................................. 10, 13

Cal. Civ. Code § 1793.2 .........................................................................6, 13, 15

Cal. Civ. Proc. Code § 437c ............................................................................... 5

**DEFENDANT MERCEDES-BENZ USA, LLC'S NOTICE OF MOTION AND MOTION
FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**