| | |
|---|---|
| **From:** | Tony Greco |
| **To:** | "Deanna Wallace"; "William R Mcgee" |
| **Cc:** | Benson Douglas; "Debbie Dahlen (DDahlen@lehrmanlawgroup.com)"; "Carrie Maseredjian"; Grace Sagara; Tra"Shon Pugh |
| **Subject:** | McGee v. MBUSA: Meet and Confer in Advance of MSJ |
| **Date:** | Monday, December 9, 2019 7:17:00 PM |

Hi Deanna and Bill:

I actually do not see a requirement that we comply with Rule 7-3 and meet and confer before MBUSA files a MSJ or in the alternative MSA, and it also looks like we've still got some time. I thought originally the Motion had to be heard before 1/24 but a second review looks like it just needs to be filed before then. Regardless, and out of an abundance of caution in case I missed something in the local rules, MBUSA's position is generally summed up in the below.

If you guys have a chance we can certainly discuss it but I think you're kind of aware of the arguments anyway. If you have an opportunity to talk tomorrow, please let me know:

**A.      Federal Preemption**

State law is preempted when it "conflicts with, or frustrate[s] federal law." People v. Burlington Northern Santa Fe Railroad, 209 Cal. App. 4th 1513, 1521 (2012). Preemption is not limited to state statutes or regulations, but extends to judgments entered on state law claims. Indeed, the Supreme Court repeatedly has found that "[state] regulation can be as effectively exerted through an award of damages as through some form of preventive relief." (Cipollone v. Liggett Group, 505 U.S. 504, 521 (1992) (citation omitted).) This is because "[t]he obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and controlling policy." (Id.; see also Pokorny v. Ford Motor Co., 902 F.2d 1116, 1122 (3d Cir. 1990) ["[C]ommon law liability may create a conflict with federal law, just as other types of state law can."].)

The Federal Safety Act authorizes the United States Secretary of Transportation to commence proceedings related to potential motor vehicle safety defects. (49 U.S.C. § 30166.) The Safety Act's sweeping provisions vest jurisdiction in the Secretary to investigate and to determine whether any motor vehicle contains a safety defect, and, if it does, to require the manufacturer to notify vehicle owners and remedy the defect. (49 U.S.C. §§ 30111, 30118, 30120, subds. (a)(l)(A).)

The Secretary has delegated to the NHTSA authority to administer the Safety Act. (49 C.F.R. §§ 501.1, 501.2.) Therefore, the NHTSA has exclusive authority in "enforcing Federal motor vehicle safety standards and associated regulations, investigating possible safety-related defects, and making non-compliance and defect determinations." (49 C.F.R. § 554.1.) The comprehensive nature of NHTSA's regulatory authority is evidenced by the detailed provisions for the investigation, notification, and remediation of motor vehicle safety defects as set forth in the applicable regulations. (See generally 49 C.F.R. § 501 et seq.; see also In re Bridgestone/Firestone Inc., ATX, ATIII & Wilderness Tires Prods. Liab, Litig., 153 F. Supp. 2d 935, 946 (S.D. Ind. 2001) ["In the Safety Act, Congress set out a comprehensive scheme for providing prospective relief from motor vehicle safety defects."].)

On November 3, 2015, the NHTSA issued a Coordinated Remedy Order (CRO) that established a Coordinated Remedy Program that sets forth the requirements and obligations of certain motor vehicle manufacturers and Takata in connection with the recall and remedy of certain types of

Takata air bag inflators. This CRO has been updated and amended over the last four years to reflect the ongoing needs of the coordinated recall over time. Such amendments and updates are only done with the express authorization and cooperation of manufacturers and the NHTSA. Plaintiff's passenger airbag is subject to the CRO as are MBUSA's responsibilities in how and when it distributes parts. MBUSA cannot distribute the parts before it is allowed to. Allowing plaintiff to argue that the Subject Vehicle is a lemon due to the inadequacy or unavailability of airbag parts would frustrate and interfere with the purposes and objectives of the Coordinated Remedy Program established by NHTSA to best achieve the objective of promoting vehicle safety. In short, plaintiff's theories of liability would transform MBUSA's compliance with federal law into a violation of state law. This is impermissible. Plaintiff's argument that parts were unavailable or delayed in violation of the Song-Beverly Act, is preempted. (See Pliva, 564 U.S. at 617-621, 623-626.)

**B.      Liability Under the Song-Beverly Consumer Warranty Act.**

Plaintiff has admitted that beyond the perceived concerns over the Takata Airbag Recall, his vehicle has otherwise suffered no impairment to its use, value, or safety which was not repaired in a reasonable number of attempts to qualify it for repurchase under an express warranty theory for purposes of Song-Beverly. (Cal. Civ. Code §1793.2, subd. (d)(2)(B).)

MBUSA is, independent of the federal preemption argument, not liable under the Song-Beverly Consumer Warranty Act for this proactive safety recall issued as a result of a defect created by Takata.

Under California Civil Code 1793.2 (b): " . . . [D]elay caused by conditions beyond the control of the manufacturer or its representatives shall serve to extend this 30-day requirement. Where delay arises, conforming goods shall be tendered as soon as possible following termination of the condition giving rise to the delay."

The fact that parts are unavailable is beyond the control of Mercedes-Benz USA, LLC —whether that is attributed to Takata or to the mandates of the NHTSA. MBUSA cannot perform a remedy when it has no parts available. California law never requires impossibilities. (Cal. Civ. Code § 3531.)

MBUSA's position is that the case requires a dismissal.

If you don't have the opportunity to discuss tomorrow we can arrange something telephonically later this week.

Thanks.

Anthony P. Greco
Lehrman Law Group
12121 Wilshire Boulevard
Suite 1300
Los Angeles, CA  90025
(424) 208-8414
(310) 917-5677 (FAX)
tgreco@lehrmanlawgroup.com

Please consider the *environment* before printing this e-mail.
The information transmitted through this e-mail is intended only for the personal and

confidential use of the recipient(s) named herein. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this e-mail in error, please notify the sender immediately by return e-mail and delete the original.