LAW OFFICES OF WILLIAM R. McGEE
Deanna M. Wallace, Bar No. 242825
Kevin A. Alexander II, Bar No. 294308
701 Palomar Airport Road, Suite 250
Carlsbad, California 92011
Telephone:      (760) 438-1047
Facsimile:  (760) 438-1056

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM McGEE,<br><br>                    Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, and<br>DOES 1 through 10, inclusive<br><br>                    Defendant.<br><br>_____ | Case No. 3:19-cv-00513-MMA (WVGx)<br><br>[Filed: February 8, 2019]<br>[Removed: March 18, 2019]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:        March 2, 2020<br>TIME:        2:30 p.m.<br>CTRM:       3D<br>JUDGE:     Hon. Michael M. Anello |

Plaintiff William McGee respectfully opposes Defendant Mercedes-Benz USA, LLC's  Motion for Summary Judgment (Doc 22).  In support of this Opposition, Plaintiff submits the  following: its Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Motion for Summary Judgment, Plaintiff's Response To Defendant Mercedes-Benz USA, LLC's Separate Statement of Undisputed Material Facts In Support of Its Motion For Summary Judgment, Plaintiff's Separate Statement of Undisputed Material

/ / /

/ / /

Facts, the Declaration of William McGee, and the Declaration of Arlene McGee.

Dated: February 14, 2020          LAW OFFICES OF WILLIAM R. McGEE
                                  Attorneys for Plaintiff

                                  By:   /s/ Deanna M. Wallace
                                  _____

                                        DEANNA M. WALLACE

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . 1

I     PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III   DEFENDANT CANNOT MEET ITS STATUTORY
BURDEN   TO SUPPORT A SUMMARY JUDGMENT . . . . . . . . . . 3

IV   THERE ARE TRIABLE ISSUES OF MATERIAL FACT
TO SUPPORT PLAINTIFF'S CAUSE OF ACTION
UNDER THE SONG-BEVERLY ACT FOR BREACH
OF EXPRESS WARRANTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     THE EVIDENCE SATISFIES THE
             "NONCONFORMITY ELEMENT" . . . . . . . . . . . . . . . . . . . . . 6

             1.     The Subject Vehicle Has A Nonconformity
                   Covered By The Express Warranty . . . . . . . . . . . . . . . 6

             2.     The Nonconformity Substantially Impairs
                   The Use, Value, Or Safety Of The Subject Vehicle . . . . 7

       B.     THE EVIDENCE SATISFIES THE
             "PRESENTATION ELEMENT . . . . . . . . . . . . . . . . . . . . . . . . 8

       C.     THE EVIDENCE SATISFIES THE
             "FAILURE TO REPAIR ELEMENT" . . . . . . . . . . . . . . . . . . . 9

V     THERE ARE TRIABLE ISSUES OF MATERIAL FACT
TO SUPPORT PLAINTIFF'S CAUSE OF ACTION
UNDER THE SONG-BEVERLY ACT FOR BREACH OF
IMPLIED WARRANTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

## Cases

*Adams v. FCA US LLC,*
U.S. Dist. LEXIS 188899 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bishop v. Hyundai Motor America*
44 Cal.App.4th 750 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brand v. Hyundai Motor America*
226 Cal.App.4th 1538 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gutierrez v. Carmax Auto Superstores California*
19 Cal.App.5th 1234 (2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Toyota Motor Corp.* Hybrid Brake Mktg
915 F.Supp.2d 1151 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Isip v. Mercedes-Benz USA, LLC*
155 Cal.App.4th 19 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jensen v. BMW of North America, Inc.*
41 Cal.Rptr.2d 295 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mexia v. Rinker Boat Co., Inc.*
174 Cal.App.4th 1297 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*National R.V., Inc. v. Foreman*
34 Cal.App.4th 1072 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Oregel v. American Isuzu Motors, Inc.*
90 Cal.App.4th 1094 (2001) . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8, 9

*Schreidel v. American Honda Motor Co.*
34 Cal.App.4th 1242 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Statutes

California Code of Civil Procedure

    Section 437 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

California Civil Code

    Sections 1790 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

    Section 1791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Section 1792 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Section 1793 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Other Authorities

California Civil Jury Instructions (CACI) No. 3202 . . . . . . . . . . . . . . . . . . 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### PRELIMINARY STATEMENT

This case arises out of plaintiff's purchase of a new 2015 Mercedes Benz C350c automobile (the "Subject Vehicle").   The  vehicle was manufactured and warranted by defendant MERCEDES-BENZ USA, INC. ("MBUSA").   Plaintiff contends that the vehicle contains a substantive nonconformity to defendant MBUSA's express warranty and that MBUSA has refused and/or been unable to repair the vehicle to conform to its express warranty.  Plaintiff also contends that the subject vehicle was sold to him with a  substantive  latent  defect  in  breach  of  the  implied  warranty  of merchantability.   Plaintiff contends that defendant MBUSA's failure to repurchase his vehicle constitutes a "willful" violation of California's Song-Beverly Consumer Warranty Act (popularly referred to as the "Lemon Law").

### II
### STATEMENT OF FACTS

Plaintiff purchased the subject "new" vehicle for his wife's (Arlene McGee) personal and household use on December 29, 2015 from Mercedes Benz of Escondido. (Declaration of William R. McGee In Support of the Opposition to Defendant's Motion for Summary Judgment, ¶2, hereinafter "William McGee Declaration".) At the time of it's purchase, the Subject Vehicle was  covered  by  Defendant's  4-year/50,000  mile  New  Vehicle  Limited Warranty, which provides in relevant part:

> DEFECTS: Mercedes-Benz USA, LLC (MBUSA) warrants to the original...owner of a new Mercedes-Benz vehicle that any authorized Mercedes-Benz Center will make any repairs or replacments necessary  to  correct  defects  in  material  or workmanship arising during the warranty period.
> ***
> WARRANTY PERIOD: This warranty is for 48 months or 50,000 miles, whichever occurs first.

- 1 -

(**Exhibit A**, to William McGee Declaration, ¶3.)

In February 2019 and within the warranty period, Plaintiff received from MBUSA an "Important Safety Recall Interim Notice" (the "Subject Recall"), which stated in relevant part:

> *A safety defect exists in your vehicle.* [Emphasis added.]
>
> ***
>
> Under certain circumstances during a crash that necessitates frontal airbag deployment, *the defect in your passenger-side airbag deflator* may cause the air bag to explode. [Emphasis added.] **A passenger-side inflator explosion during deployment could result in sharp metal fragments striking the front passenger or other occupants, possibly causing serious injury or death.** [Emphasis in original.]

The Subject Recall also stated that, "Remedy parts are not yet available for your vehicle. We will contact you again once parts are available." (**Exhibit B**, to William McGee Declaration, ¶4.)

Shortly after his receipt of the Subject Recall, plaintiff's wife presented the Subject Vehicle to an authorized MBUSA Center (Hoehn Motors in Carlsbad, CA) for repair of the stated defect/nonconformity to warranty as outlined in the Subject Recall.  However, Hoehn Motors advised plaintiff's wife that the necessary parts to make the repair were not available.  (Declaration of Arlene M. McGee in Support of the Opposition to Defendant's Motion for Summary Judgment, ¶3, hereinafter "Arlene McGee Declaration".)

According to most recent information from the Defendant, the estimated date for the availability of parts for the subject airbag repar is May of 2020. (William McGee Declaration, ¶5.)

Due to the passenger-side airbag nonconformity to warranty the plaintiff and his wife have lost confidence and peace of mind in the safety and integrity of the Subject Vehicle.  Since receipt of the Subject Recall, Plaintiff and his wife are reluctant to drive the Subject Vehicle in circumstances where there

- 2 -

would be a passenger in the front passenger seat; plaintiff's wife's adult daughter and mother refuse to ride in the vehicle.   There have been numerous occasions where Plaintiff and/or his wife have used an alternate vehicle rather than drive the Subject Vehicle with a passenger due to the Subject Recall, even though the Subject Vehicle would have otherwise been their vehicle of choice.   The plaintiff's use and enjoyment of the Subject Vehicle has been substantially dimished since receipt of the Subject Recall. (William McGee Declaration, ¶¶6-8; Arlene McGee Declaration, ¶¶4, 5.)

### III
### DEFENDANT CANNOT MEET ITS STATUTORY BURDEN TO SUPPORT A SUMMARY JUDGMENT

Code of Civil Procedures §437c provides in relative part:

> (a) Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit....

> (c) The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.... [T]he court shall consider all of the evidence set forth in the papers... and all inferences reasonably deductible from the evidence, ***except summary judgment shall not be granted by the court based on inferences reasonably deductible from the evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact***. [Emphasis added.]

In its moving points and authorites, the Defendant correctly identifies the standard under the Song-Beverly Act to establish a violation of express warranty. However, there are triable issues of material fact that: 1) plaintiff purchased the Subject Vehicle from MBUSA; 2) the Subject Vehicle was accompanied with an express warranty; 3) the Subject Vehicle has a defect that substantially impairs its use, value, or safety; 4) plaintiff delivered the Subject Vehicle to an MBUSA authorized repair facility for repair of the alleged defect; 5) MBUSA or its authorized repair facility failed to repair the

- 3 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Subject Vehicle after a reasonable number of attempts, and 6) MBUSA did not promptly replace or buyback the Subject Vehicle.

Furthermore, the evidence in the present case establishes that at the time of its sale to the plaintiff, the Subject Vehicle contained a latent defect and nonconformity to warranty that rendered the vehicle unmerchantable and unfit for its ordinary and intended purposes. Therefore, there is a triable issue of material fact that the Defendant sold the Subject Vehicle to the plaintiff in violation of the implied warranties of merchantability and of fitness.

Accordingly, the Defendant's Motion For Summary Judgment must fail in that there are triable issues of material fact against the defendant for breach of its express warranty in violation of the Song-Beverly Act, and also for breach of the implied warranties of merchantability and of fitness in violation of the Song-Beverly Act. As such, the Defendant's Motion for Summary Judgment is without merit and must be denied.

**IV**
**THERE ARE TRIABLE ISSUES OF MATERIAL FACT TO SUPPORT PLAINTIFF'S CAUSE OF ACTION UNDER THE SONG-BEVERLY ACT FOR BREACH OF EXPRESS WARRANTY**

The Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") is found at Civil Code sections 1790 et seq, and "represents the Legislature's response to the increasing exploitation of express warranties in product advertising" and "reflects the Legislature's intent to make car manufacturers live up to their express warranties." *Jensen v. BMW of North America, Inc.* (1995) 41 Cal.Rptr.2d 295, 299, 303.

In *National R.V., Inc. v. Foreman* (1995) 34 Cal.App.4th 1072, 1077, the court discussed the Song-Beverly Act and its component Lemon Law as follows:

/ / /

/ / /

- 4 -

Enacted in 1970 to improve the lot of consumers who purchase defective products, the Act contains substantive regulations of warranty terms, disclosure requirements and strengthened consumer remedies. (Citation.)  In 1982, in an attempt to provide additional protections to the purchasers of new motor vehicles, the Legislature grafted the "Lemon Law" onto section 1793.2 of the Act. (Citation.)   Among other things, section 1793.2 **requires manufacturers to replace a defective product or reimburse the buyer if the product cannot be repaired after a reasonable number of attempts**. [Emphasis added.]

The *Foreman* court also observed:

'The Act is manifestly a remedial measure, intended for the protection of the consumer, it should be given a construction calculated to bring its benefits into action.' (*Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184).

34 Cal.App.4th at 1081.

The Song-Beverly Act provides in relevant part:

If the manufacturer or its representative in this state is unable to service or repair a new motor vehicle...to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle ...or promptly make restitution to the buyer....

Civil Code section 1793.2(d)(2) (emphasis added).

The plaintiff's burden of proof for a cause of action under the Song-Beverly Act for breach of express warranty is stated as follows:

A plaintiff pursuing an action under the [Song-Beverly] Act has the burden to prove that (1) the vehicle had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair (the presentation element); and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of attempts (the failure to repair element).  Civ.Code section 1793.2; *Ibrahim v. Ford Motor Company* (1989) 214 Cal.App.3d 878, 886-887.

*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1101.

/ / /

- 5 -

In the present case, plaintiff's evidence creates a triable issue of fact for the Defendant's violation of express warranty under the Song-Beverly Act.

**A.    THE EVIDENCE SATISFIES THE "NONCONFORMITY ELEMENT"**

**1.    The Subject Vehicle Has A Nonconformity Covered By The Express Warranty**

The initial "nonconformity element" set forth above by the court in *Oregel v. American Isuzu Motors, Inc.*, *supra.,* is established in the present case by the Defendant's own admission in the subject "Important Safety Recall Interim Notice," wherein the Defendant states, "A defect exists in your vehicle."  More particularly, in the Subject Recall the Defendant admits that, "*the defect in your passenger-side airbag inflator* may cause the airbag to explode." (Emphasis added.)   These admissions by the Defendant are undisputed.  (**Exhibit B**, to William McGee Declaration, ¶4)

It is essential to note that in contrast to most recall notices, the Subject Recall *does not* state that a defect *may exist* in the vehicle. To the contrary, the Subject Recall unequivocally states that: "A defect *exists* in your vehicle," that "*the defect in your passenger-side airbag*" may cause the airbag to explode.  (**Exhibit B**, to William McGee Declaration, ¶4)

The evidence is that the Subject Recall was provided to the plaintiff in February 2019, well within the Defendant's express "warranty period" of 48 months or 50,000 miles from the date of purchase (December 29, 2015).  (**Exhibit A**, to William McGee Declaration, ¶3.)   Accordingly, there is a trialable issue of material fact that the Subject Vehicle "has a nonconformity covered by the express warranty."

/ / /

/ / /

/ / /

/ / /

- 6 -

### 2. The Nonconformity Substantially Impairs The Use, Value, Or Safety Of The Subject Vehicle

The "nonconformity element" set forth above by the court in *Oregel v. American Isuzu Motors, Inc.*, *supra.,* also requires that "the use, value, or safety" of the vehicle be "substantially impaired" as a result of the nonconformity. *Id.* at 1101. "The issue of whether [a vehicle's] problems constituted substantial impairment is one for the trier of fact." *Schreidel v. American Honda Motor Co.* (1995) 34 Cal.App.4th 1242, 1250.

In the Subject Recall, the Defendant states, "The defect in your passenger-side airbag inflator may cause the airbag to explode. **A passenger-side inflator explosion during deployment could result in sharp metal fragments striking the front passenger or other occupants, possibly causing serious injury or death.**" (Emphasis in original.) (**Exhibit B**, to William McGee Declaration, ¶4)

This unremedied condition constitutes a *prima facie* "substantial impairment" to the use, value, AND safety of the Subject Vehicle; it cannot be meritoriously disputed otherwise.

Further, the plaintiff and his wife have lost confidence and peace of mind in the safety and integrity of the Subject Vehicle, which was one of its primary selling points. (William McGee Declaration ¶2.) Neither the plaintiff and/or his wife have taken the Subject Vehicle on any trip over 100 miles since their receipt of and as a result of the Subject Recall. As a result of the defect in its passenger-side airbag, the Plaintiff and his wife are reluctant to drive the Subject Vehicle in circumstances where there is likely to be an occupant in the front passenger-seat and on many such occasions have used an alternate vehicle, even though the Subject Vehicle would have been their preferred choice. (William McGee Declaration, ¶6; Arlene McGee Declaration, ¶4.)

1    Arlene McGee's adult daughter and her mother were her primary
2    passengers and driving companions in the Subject Vehicle (other than the
3    plaintiff).  However, neither Ms. McGee's daughter nor mother will ride in the
4    Subject Vehicle as a result of their knowledge of the passenger-side airbag
5    defect and Ms. McGee must take an alternate vehicle when planning to travel
6    with either of them. (Arlene McGee Declaration, ¶5.)
7    On January 10, 2019 and just prior to plaintiff's receipt of the Subject
8    Recall, the Subject Vehicle was serviced by Hoehn Motors with an odometer
9    reading of 37,265 miles; on February 7, 2020 the Subject Vehicle's odometer
10   read 45,674 miles.  (William McGee Declaration, ¶7.)  Accordingly, prior to
11   receipt of the Subject Recall the plaintiff and/or his wife drove the subject
12   vehicle an average of approximately 1,035 miles a month.  Since receipt of
13   the Subject Recall, the plaintiff and/or his wife have driven the Subject Vehicle
14   an average of approximately 647 miles a month, a substantial 37% reduction
15   in the use of the Subject Vehicle.
16   Accordingly, there is a triable issue of material fact that the Subject
17   Vehicle has a nonconformity covered by the express warranty that
18   substantially impaired the use, value or safety of the vehicle.
19
20   **B.    THE EVIDENCE SATISFIES THE "PRESENTATION ELEMENT"**
21   The "presentation element" set forth above by the court in *Oregel v.*
22   *American Isuzu Motors, Inc.*, *supra.,* requires evidence that "the vehicle was
23   presented to an authorized representative of the manufacturer of the vehicle
24   for repair."  *Id.* at 1101.  In the present case, the evidence is undisputed that
25   shortly after plaintiff's receipt of the Subject Recall in February 2019, plaintiff's
26   wife presented the Subject Vehicle to an authorized MBUSA repair facility
27   (Hoehn Motors in Carlsbad, CA) and requested that the passenger-side
28   / / /

- 8 -

airbag defect  identified in the Subject Recall be repaired. (Arlene McGee Declaration, ¶3.)

At that time Arlene McGee met with her Hoehn Motors Service Advisor, Chris Islas.  Mr. Islas advised Ms. McGee that he was familiar with the Subject Recall but that there were no parts available to repair the defective condition.  Mr. Islas further advised Ms. McGee that she would be contacted by MBUSA when the parts became available to repair the passenger-side airbag defect.  Mr. Islas provided Ms. McGee with a telephone number to call MBUSA to monitor the status of the availability of parts to repair the Subject Vehicle. (Arlene McGee Declaration, ¶3.)

On August 23, 2019 the plaintiff called MBUSA (using the telephone number provided to his wife by Chris Islas) and was advised by "Sandy" that the estimated date for availability of parts to repair the Subject Vehicle's passenger-side airbag was May of 2020, and that MBUSA would contact him when the necessary parts to repair the Subject Vehicle were available. (William McGee Declaration, ¶5.)  To date MBUSA has not contacted the plaintiff regarding the availability of parts to repair the Subject Vehicle. (William McGee Declaration, ¶5.)

Accordingly, the evidence establishes a triable issue of material fact that the Subject Vehicle was "presented" to an authorized representative of MBUSA for repair of the defect.

**C.    THE EVIDENCE SATISFIES THE "FAILURE TO REPAIR ELEMENT"**

The final "failure to repair element" set forth above by the court in *Oregel v. American Isuzu Motors, Inc.*, *supra.,* requires evidence that "the manufacturer or its representative did not repair the nonconformity after a reasonable number of attempts." *Id.* at 1101.  In the present case, the evidence is undisputed that the Defendant has not and cannot repair the

- 9 -

1  Subject Vehicle.  As such, the evidence in the present case satisfies the

2  failure to repair element.

3       In a circumstance as presented in the current case where a defendant

4  vehicle manufacturer/warrantor cannot (or refuses to) repair a defective

5  vehicle, it is not required that the consumer "beat the proverbial dead horse"

6  and continue to present the vehicle for repair to create "a reasonable number

7  of repair attempts."  This principle was established by the court in *Bishop v.*

8  *Hyundai Motor America* (1996) 44 Cal.App.4th 750.

9       In *Bishop v. Hyundai Motor America*, the facts were that while the

10 subject vehicle was still under the defendant manufacturer's new vehicle

11 warranty, an undisputed manufacturing defect resulted in a fire that damaged

12 the plaintiff's vehicle beyond repair. *Id.* at 753-754.  Nevertheless, without a

13 repair being attempted by the defendant or its authorized repair facility, the

14 defendant manufacturer was responsible to make restitution to the plaintiff

15 pursuant to the Song-Beverly Act for breach of its express warranty.

16      Accordingly, the CACI jury instuction entiled "'Repair Opportunities'

17 Explained" for an action under the Song-Beverly Act provides:

18          In determining whether the defendant had a
            reasonable number of opportunities to fix the new
19          motor vehicle, you should consider all the
            circumstances surrounding each repair visit.  The
20          defendant or its authorized repair facility must have
            been given at least two opportunities to fix the new
21          motor vehicle **unless only one repair attempt was
            possible** because the new motor vehicle was later
22          destroyed or **because the defendant or its
            authorized repair facility refused to attempt the**
23          **repair**.

24 CACI NO. 3202 (emphasis added).

25      In the present case, the Defendant and/or its authorized repair facility

26 either cannot or is refusing to repair the Subject Vehicle while it is under the

27 Defendant's new vehicle warranty.  In either event, the evidence establishes

28 / / /

- 10 -

a triable issue of material fact that the plaintiff has satisfied the failure to repair element.

The Defendant's argument that "the mere existence of a recall is not enough to establish a defect under the Song-Beverly Act," erroneously relies upon the cases of *Adams v. FCA US LLC*, No. CV 16-4317-JFW (MRWx), 2016 U.S. Dist. LEXIS 188899, at 15-16 (C.D. Cal. Dec. 27, 2016) and *In re Toyota Motor Corp. Hybrid Brake Mktg.*, 915 F.Supp.2d 1151 (C.D. Cal. 2013). In *Adams v. FCA US LLC*, *supra*, the court noted that "each 'nonconformity' was completely remedied in a single repair. Therefore...Plaintiff cannot satisfy the 'failure to repair' element because that element is not satisfied by 'nonconformities' that are remedied in a single repair. (Citation omitted.)" *Id.* at page ID # 1556.

Similarly in *In re Toyota Motor Corp. Hybrid Brake Mktg., supra*, the court noted that, "After the announcement of Toyota's national recall, [the plaintiff] received the software update to his Prius' ABS (citation omitted), which, according to [the plaintiff], 'solved' the skiddy feeling he experienced prior to the recall (citation omitted). [The plaintiff] confirmed that after receiving the software update the '[ABS issue] looks like it disappeared...and that he is now "happy" because the brake [sic] is working fine,' (citation omitted)." *Id.* at 1154.

Accordingly, the foregoing cases relied upon by the Defendant are distinguishable from the present case because the vehicles therein that were the subject of a national recall were each successfully repaired upon the initial presentation to the authorized repair facility. In contrast, in the present case not only was the Subject Vehicle not successfully repaired upon presentation to an authorized repair facility for the subject defect, but Plaintiff is still waiting for the important safety defect to be repaired after more than a year of being advised by Defendant of its existence in the Subject Vehicle.

Pursuant to the foregoing points and authorities, the evidence presented by the Plaintiff herein creates a triable issue of material fact for a cause of action against the Defendant for breach of express warranty under the Song-Beverly Act.  Accordingly, the Defendant's Motion for Summary Judgement must be denied.

**V**
**THERE ARE TRIABLE ISSUES OF MATERIAL FACT**
**TO SUPPORT PLAINTIFF'S CAUSE OF ACTION**
**UNDER THE SONG-BEVERLY ACT FOR**
**BREACH OF IMPLIED WARRANTY**

There are triable issues of material fact to support the plaintiff's cause of action against the Defendant for breach of implied warranty under the Song-Beverly Act.  The cause of action for breach of implied warranty is completely independant of the Defendant's ability (or lack thereof) to repair the subject vehicle under the Subject Recall.

The Song-Beverly Act provides: "[E]very sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's...implied warranty that the goods are merchantable." Civil Code section 1792.  Pursuant thereto, the Song-Beverly Act provides the following definition:

> 'Implied warranty of merchantability' or 'implied warranty that goods are merchantable' means that the consumer goods meet each of the following:
>
> (1) Pass without objection in the trade under the contract description.
>
> (2) Are fit for the ordinary purposes for which such goods are used. ...

Civil Code section 1791.1(a).  "The core test of merchantability is fitness for the ordinary purposes of which such goods are used." *Isip v. Mercedes-Benz USA, LLC* (2007) 155 Cal.App.4th 19, 27.

In the present case, pursuant to the Subject Recall and the admissions of Defendant MBUSA therein, "A [life threatening] safety defect exists in [the

- 12 -

plaintiff's] vehicle." (**Exhibit B**, to William McGee Declaration, ¶4)  It cannot be disputed that the defective passenger-side airbag inflator referenced in the Subject Recall existed in the Subject Vehicle on the date that the vehicle was sold to the Plaintiff.  Further, the Plaintiff would not have purchased the Subject Vehicle had he known that its passenger-side airbag was defective as later identified by the Subject Recall.  (William McGee Declaration, ¶8.)

As such, there is a triable issue of material fact that the Subject Vehicle was fit for the ordinary purposes for which passenger vehicles are used at the time it was sold to the Plaintiff.

In *Brand v. Hyundai Motor America* (2014) 226 Cal.App.4th 1538, the plaintiff therein brought suit under the Song-Beverly Act alleging that his defective sunroof constituted a breach of the manufacturer's implied warranty of merchantability. The *Brand* court noted, "As the trial court correctly recognized,...a merchantable vehicle under the statute requires more than the mere capability of 'just getting from point 'A' to point 'B'." *Id.* at 1546.

In reversing the trial court's entry of judgment against the plaintiff, the court in *Brand* stated:

> [T]he statutory language expressly states that the dual requirements of ordinary fitness and passing without objection in the trade 'each' must be satisfied or the product is not merchantable and fails the implied warranty. ([Civil Code] Section 1791.1(a).) Thus, a vehicle that fails to meet *either* requirement is not merchantable, and here a reasonable jury could conclude a randomly opening and closing sunroof presented a dangerous safety flaw.

226 Cal.App.4th at 1550.

The defendant in *Brand v. Hyundai Motor America, supra,* argued that it was entitled to a reasonable time or number of attempts to conform the vehicle to warranty before it could be liable for breach of the implied warranty. *Id.* at 1548.  In rejecting that argument, the court observed:

/ / /

1
2
3
4

The [Song-Beverly] Act provides for both express and implied warranties, and while under a manufacturer's express warranty the buyer must allow for a reasonable number of repair attempts...before seeking rescission, that is not the case for the implied warranty of merchantability's bulwark against fundamental defects.

***

5
6
7
8

Simply put, for fundamental defects triggering the statutory implied warranty, the buyer is not required to await a seller's attempt to make repairs (Citation omitted), and this is particularly true where the seriousness of the defect reasonably undermines the buyer's confidence in the vehicle.

9    226 Cal.App.4th at 1545, 1548.

10    In *Gutierrez v. Carmax Auto Superstores California* (2018) 19

11   Cal.App.5th 1234, 1247-1248, it is found that which states: "Allegations

12   showing an alleged defect that created a substantial safety hazard would

13   sufficiently allege the vehicle was not 'fit for the ordinary purposes for which

14   such goods are used' and, thus, breached the implied warranty of

15   merchantability."

16    The Defendant's argument that "Plaintiff's Song-Beverly implied

17   warranty claim fails becuase the vehicle experienced no defect-related

18   symptoms within the implied warranty period" is without merit.

19    In *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, the

20   plaintiff therein alleged that the new boat he purchased was unmerchantable

21   due to a latent defect which subsequently caused the boat's engine to

22   corrode.  The plaintiff did not notify the defendant manufacturer or the repair

23   facility of any problem with the boat or bring the boat in for repairs until more

24   than two years after he purchased the boat.  *Id.* at 1307.

25    As in the present case, the defendants in *Mexia* argued that the

26   plaintiff's claim must fail because his complaint was not presented during the

27   implied warranty period.  *Id.* at 1309.  However, in upholding the plaintiff's

28   breach of implied warranty claim, the court held:

The implied warranty of merchantability may be breached by a latent defect undiscoverable at the time of sale.(Citations omitted.) Indeed, '[u]ndisclosed latent defects...are the very evil that the implied warranty of merchantability was designed to remedy.' (Citation omitted.) In the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the extistence of the unseen defect, not by its subsequent discovery.

*Id*. at 1304-1305.

The court in *Mexia v. Rinker Boat Co., Inc, supra*, also observed: "[T]he Song-Beverly Act 'contains no "reasonable time" requirement by which the consumer must invoke the [Song-Beverly Act] or lose rights granted by that statutory scheme.' (Citation omitted.) Nor is there any requirement that the buyer allow the seller or manufacturer an opportunity to repair the product prior to bringing an action for breach of the implied warranty of merchantability." *Id*. at 1307.

In the present case, the Defendant has admitted in the Subject Recall that the Subject Vehicle contains a critical safety-related latent defect. Further, it cannot be disputed that the critical safety-related latent defect existed in the Subject Vehicle at the time the vehicle was sold to Plaintiff.  As such, the Defendant breached the implied warranty and merchantability in the sale of the Subject Vehicle to Plaintiff and the Plaintiff is entitled to the remedy under the Song-Beverly Act.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## VI
## CONCLUSION

2

3      Accordingly, the Plaintiff has established a trial issue of material fact

4  that the Defendant sold the Subject Vehicle to him in breach of the implied

5  warranty of merchantability and in violation of the Song-Beverly Act.  As

6  such, the Defendant's Motion for Summary Judgment must be denied.

7  Dated: February 14, 2020          LAW OFFICES OF WILLIAM R. McGEE
                                    Attorneys for Plaintiff
8                                     By:   /s/ Deanna M. Wallace

9                                    _____
                                          DEANNA M. WALLACE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I filed the foregoing documents entitled PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES, and its corresponding documents, entitled DECLARATION OF ARLENE M. McGEE IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DECLARATION OF WILLIAM R. McGEE IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and  PLAINTIFF'S RESPONSE TO DEFENDANT MERCEDES-BENZ USA, LLC'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

Dated: February 14, 2020             By: /s/ Deanna M. Wallace

                                                        Deanna M. Wallace